IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE MANUEL DIAZ, | ) | |
|                 Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 22-CV-0457-TCK-SH |
| STEVEN HARPE, | ) ) ) | |
|                 Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Jose Manuel Diaz, an Oklahoma prisoner appearing pro se,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, to challenge the judgment entered against him in Tulsa County District Court Case No. CF-2016-4434.  Under that judgment, Diaz is serving a term of thirty years' imprisonment following his conviction for assault and battery with a deadly weapon. Diaz claims he is in state custody in violation of federal law because (1) the State of Oklahoma lacked jurisdiction to prosecute him for assaulting an Indian on an Indian reservation, (2) his trial and appellate counsel provided constitutionally deficient assistance by failing to challenge the State's alleged lack of jurisdiction, and (3) he is "actually innocent" given that the State allegedly lacked jurisdiction to prosecute him.  Respondent moves to dismiss the petition, asserting that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to all three claims.  Having considered the petition (Dkt. 1), the motion to dismiss (Dkt. 9) and brief in support of the motion (Dkt. 10), the response in opposition to the motion (Dkt. 11), and applicable law, the Court grants respondent's motion and dismisses the petition.

---

[1] Because Diaz appears without counsel, the Court liberally construes his filings, but the Court does so without developing arguments on his behalf.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal habeas relief under 28 U.S.C. § 2254. The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), so long as the application for postconviction or other collateral review is filed before the limitation period expires, *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Because the AEDPA's statute of limitations is not jurisdictional, federal courts may, in rare or exceptional circumstances, equitably toll the limitation period. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To obtain equitable tolling, the petitioner must identify specific facts showing (1) that the petitioner acted with reasonable diligence in pursuing the federal claims asserted in the habeas petition and (2) that extraordinary circumstances prevented the petitioner from filing a timely habeas petition. *Holland*, 560 U.S. at 649; *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). In even rarer circumstances, federal courts may excuse noncompliance with the statute of limitations if the

petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This judicially created equitable exception to the statute of limitations "applies 'when a petitioner can demonstrate that he is actually innocent of the crime of conviction.'" *Pacheco v. Habti*, 62 F.4th 1233, 1241 (10th Cir.), *cert. denied* 143 S. Ct. 2672 (2023) (quoting *Taylor v. Powell*, 7 F.4th 920, 926 (10th Cir. 2021), *cert. denied* 142 S. Ct. 2819 (2022)). "To qualify for the exception, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## II.

Respondent contends that the petition should be dismissed because: (1) the petition is untimely under § 2244(d)(1)(A); (2) Diaz has not shown that any other provision of § 2244(d)(1) applies; (3) Diaz has not shown that the equitable tolling is warranted; and (4) Diaz has not presented a credible claim of actual innocence. Dkt. 10, at 4-10.[2] Diaz appears to acknowledge that the petition is untimely but urges the Court to deem the petition timely for two reasons: (1) Diaz was not aware that he had a basis to challenge the State's exercise of criminal jurisdiction until the United States Supreme Court issued its decision in *McGirt v. Oklahoma*, 142 S. Ct. 2452 (2020); and (2) he diligently pursued his claims after he learned of the *McGirt* decision but extraordinary circumstances prevented him from filing a timely petition. Dkt. 1, at 64-65; Dkt. 11, at 1-9.

### A.

The parties seem to agree, and the Court finds, that the petition is not timely under § 2244(d)(1)(A). Under that provision, the one-year limitation period begins to run on the date that

---

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

the challenged state-court judgment becomes final. For petitioners who seek direct review, the judgment becomes final when the last reviewing court issues a final decision affirming the judgment. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For petitioners who do not seek direct review, the judgment becomes final when the time expires to seek direct review. *Id.* Diaz filed a direct appeal, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed his judgment on August 29, 2019. Dkt. 10-1. Because Diaz did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court, his judgment became final on November 27, 2019, ninety days after the OCCA issued its decision. Dkt. 1, at 3; Sup. Ct. R. 13.1. Under § 2244(d)(1)(A), his limitation period commenced the next day, November 28, 2019, and, absent any statutory tolling events, it expired on November 30, 2020. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing computation of AEDPA's statute of limitations).[3] And, as respondent contends, Diaz is not entitled to statutory tolling because he did not seek postconviction or other collateral review in state court until June 15, 2021, well after his one-year limitation period expired. Dkt. 10, at 8; Dkt. 10-3. Thus, the instant petition, filed October 14, 2022, is untimely under § 2244(d)(1)(A).[4]

**B.**

Diaz has not shown that any other provision of § 2244(d)(1) applies. Diaz appears to allege

---

[3] Because the last day of Diaz's one-year limitation period would have been Saturday, November 28, 2020, he had until the following Monday, November 30, 2020, to file a timely federal habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

[4] The Clerk of Court received and filed the petition on October 20, 2022. Dkt. 1, at 1. But Diaz swears, under penalty of perjury, that he gave the petition to prison officials for mailing, through the legal mail system, with postage prepaid, on October 14, 2022. *Id.* at 66. The Court thus deems the petition filed on October 14, 2022. *See* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (providing that inmate filings are deemed filed when delivered to prison officials via legal mail system).

4

he could not have raised the claims he asserts in his petition until after (1) the United States Supreme Court issued its decision in *McGirt*, recognizing the continued existence of the Muscogee (Creek) Nation Reservation, and (2) the OCCA issued its decision in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021) ("*Wallace*"), *cert. denied sub nom. Parish v. Oklahoma*, 142 S. Ct. 757 (2022), holding that *McGirt* does not apply retroactively to permit state postconviction relief from convictions that were final when *McGirt* was decided. Dkt. 1, at 64-65; Dkt. 11, at 1-9; *see Pacheco*, 62 F.4th at 1239 (discussing *McGirt* and *Wallace*).

Respondent construes Diaz's allegations as suggesting that either § 2244(d)(1)(C) or (d)(1)(D) triggered a later commencing limitation period and respondent contends that neither provision applies. Dkt. 10, at 4-7. The Court finds this is a reasonable construction of Diaz's allegations and agrees with respondent that neither provision applies. *See Pacheco*, 62 F.4th at 1233, 1245 (rejecting habeas petitioner's argument that habeas petition was timely under § 2244(d)(1)(C) and reasoning that "*McGirt* announce no new constitutional right"); *Owens v. Whitten*, No. 22-5106, 2022 WL 17972141 (10th Cir. Dec. 28, 2022) (unpublished)[5] ("As this court's recent decisions make clear, *McGirt*'s focus on a question of federal-versus-state jurisdiction does not alter the conclusion that the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions."); *Greene v. Nunn*, 606 F. Supp. 3d 1108, 1114-16 (N.D. Okla. 2022) (noting that all federal district Courts in Oklahoma have determined that § 2244(d)(1)(C) does not provide limitation period for *McGirt*-based claims, discussing prior decisions rejecting "the proposition that the factual predicate of an Indian-country jurisdiction[ ]

---

[5] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

5

claim could not be discovered, with reasonable diligence, before *McGirt*" and rejecting habeas petitioner's argument that habeas petition was timely under § 2244(d)(1)(D)). Thus, § 2244(d)(1)(A) applies in this case and, as previously discussed, the petition is untimely under that provision.

### C.

Diaz also appears to seek equitable tolling, alleging that he began diligently pursuing his *McGirt*-based claims sometime in 2020 but he had a limited understanding of English, struggled to understand the law and the legal system, had limited access to the law library, and experienced "random and persistent" prison lock downs. Dkt. 1, at 65; Dkt. 11, at 1-2, 6. As previously stated, equitable tolling is available when a petitioner identifies specific facts showing both that he pursued his federal claims with reasonable diligence and that "extraordinary circumstances" prevented him from filing a timely habeas petition. *Holland*, 560 U.S. at 649. Even accepting as true Diaz's allegations about his circumstances, the Court finds these circumstances are not extraordinary and thus do not support equitable tolling. *See, e.g.*, *Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (discussing equitable tolling in context of prison lock downs implemented in response to Covid-19 pandemic that limited access to legal resources); *Yang*, 525 F.3d at 929-30 (recognizing that most prisoners need assistance in understanding the legal process, but finding that neither that need nor the habeas petitioner's limited proficiency in English supported the petitioner's request for equitable tolling); *Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008) (concluding that habeas petitioner's seventy-four day prison lock down that allegedly prevented him from accessing the prison law library "does not qualify as extraordinary" and that petitioner also failed to explain his delay in filing a petition after the lock down ended); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (reasoning that "ignorance of the law, even

for an incarcerated pro se petitioner, generally does not excuse prompt filing" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). Moreover, as respondent contends, the record undermines Diaz's position that he diligently pursued his *McGirt*-based claims because he waited nearly one year after *McGirt* was decided to seek postconviction relief in state court. Dkt. 10, at 9. The Court therefore concludes that equitable tolling is not warranted under the circumstances of this case.

### D.

Lastly, Diaz invokes *Perkins*'s equitable exception to the statute of limitations, asserting that he is actually innocent because the State allegedly lacked jurisdiction to prosecute him for a crime he committed in Indian country. Dkt. 1, at 51, 55-59, 65. But a claim that the convicting court did not have jurisdiction is "unrelated to moral culpability" and does not advance a claim of actual innocence that would excuse the untimely filing of a habeas petition. *See Pacheco*, 62 F.4th at 1244-45 (noting that "[w]hen Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims," rejecting habeas petitioner's claim that she was actually innocent because the State of Oklahoma lacked jurisdiction to prosecute her for a crime she committed in Indian country, and reasoning that the petitioner's "claim [was] not based on evidence regarding what she did, but on where she did it"). Like the petitioner in *Pacheco*, Diaz has not presented a credible claim of actual innocence.

### III.

Based on the foregoing, the Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to all claims asserted in the petition. The Court therefore grants respondent's motion to dismiss and dismisses Diaz's petition for writ of habeas corpus. And, because the statute of limitations constitutes a plain procedural bar, the Court declines to issue a

certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

**IT IS THEREFORE ORDERED** that: (1) respondent's motion to dismiss (Dkt. 9) is **granted**; (2) Diaz's petition for writ of habeas corpus (Dkt. 1) is **dismissed** as barred by the applicable one-year statute of limitations; (3) a certificate of appealability is **denied**; and (4) a separate judgment shall be entered in this matter.

**DATED** this 15th day of September, 2023.

TERENCE C. KERN
United States District Judge